UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPH BASSOLINO, individually and on
behalf of all others similarly situated,

                     Plaintiff,

              - against -

WHOLE FOODS MARKET GROUP, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 15-cv-6046

 

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
THIS PUTATIVE CLASS ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF
SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(d)(6) AND FOR
<u>ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(C)</u>**

## **Table of Contents**

TABLE OF AUTHORITIES ...................................................................................................... ii

BACKGROUND .................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

   I.   WHOLE FOODS HAS NOT AND CANNOT DEMONSTRATE TO A
       REASONABLE PROBABILITY THAT THE AMOUNT IN CONTROVERSY
       EXCEEDS $5 MILLION PURSUANT TO 28 U.S.C. § 1332(d)(6). ................................... 2

      A. Plaintiff's Complaint Does Not Allege Specific Damages, and Facts Related to
         Damages In Plaintiff's Complaint Fail to Support Any Reasonable Basis to
         Conclude That the Amount In Controversy Exceeds $5 Million. ................................... 4

      B. The Basis of Whole Foods's Removal Fails to Support a Reasonable Probability
         That the Aggregate Claims of the Plaintiff Class Exceed $5 Million............................ 7

  II.  WHOLE FOODS IS RESPONSIBLE FOR COSTS AND ATTORNEYS' FEES
       RELATED TO THIS MOTION PURSUANT TO 28 U.S.C. § 1447(c). ............................ 9

CONCLUSION..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Blockbuster, Inc. v Galeno*,
    472 F3d 53 (2d Cir 2006) ................................................................................ 3, 6, 9

*Bryant v. Britt*,
    420 F.3d 161 (2d Cir. 2005) ............................................................................. 12

*Chen v. Chen Qualified Settlement Fund*,
    552 F.3d 218 (2d Cir. 2009) ............................................................................. 13

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S Ct 547, 190 L Ed 2d 495 (2014) ............................................................ 10

*Davenport v. Procter & Gamble Mfg. Co.*,
    241 F.2d 511 (2d Cir.1957) ................................................................................ 4

*Exxon Mobil Corp. v. Allapattah Services, Inc.*,
    545 U.S. 546, 125 S.Ct. 2611, 162 L Ed 2d 502 (2005) .................................... 5

*Galeno v Blockbuster, Inc.*,
    171 Fed Appx 904 (2d Cir 2006) ....................................................................... 6

*Joseph Bassolino v. Whole Foods Market Group Inc.*,
    No. 23469/2015E (N.Y. Sup. Ct., Bronx County) ............................................. 1

*Martin v. Franklin Capital Corp.*,
    546 US 132, 126 S Ct 704, 163 L Ed 2d 547 (2005) ....................................... 12

*Mehlenbacher v. Akzo Nobel Salt, Inc.*,
    216 F.3d 291 (2d Cir.2000) ................................................................................ 9

*Mehlenbacher v.. Akzo Nobel Salt, Inc*,
    216 F.3d 291 (2d Cir.2000) ................................................................................ 4

*Rowe v. Jagdamba, Inc.*,
    302 F. App'x. 59 (2d Cir. 2008) ...................................................................... 13

*Smith v Manhattan Club Timeshare Ass'n, Inc.*,
    944 F Supp 2d 244 (S.D.N.Y. 2013) .................................................................. 3

*United Food & Commercial Workers Union, Local 919, AFL–CIO v.*
    *CenterMark Properties Meriden Square, Inc.*,
    30 F.3d 298 (2d Cir.1994) ............................................................................4, 10

*Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P.*,
    588 F Supp 2d 329 (E.D.N.Y. 2008) .............................................................. 7, 8

*Vera v. Saks & Co.*,
    335 F.3d 109 (2d Cir.2003) ............................................................................ 3, 6

**Statutes**

28 U.S.C. § 1332(d)(6) ........................................................................................... 1, 2, 3, 13

28 U.S.C. § 1447(c) ................................................................................................. 1, 2, 14

28 U.S.C. § 1453 ............................................................................................................. 2

28 U.S.C. § 1927 ........................................................................................................... 13

28 U.S.C. § 1447 ............................................................................................................. 1

28 U.S.C.A. § 1332(d)(2–6) ......................................................................................... 2, 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1

New York Executive Law § 63(12) ................................................................................. 2

New York General Business Law § 349 .......................................................................... 2

New York General Business Law § 350 .......................................................................... 2

**Other Authorities**

Class Action Fairness Act of 2005 .................................................................................. 3

Plaintiff Joseph Bassolino, individually and on behalf of all others similarly situated, ("Plaintiff") by and through his attorneys, Napoli Law PLLC, and Imbesi Law P.C., respectfully submits this memorandum of law in support of Plaintiff's motion for an order, pursuant to 28 U.S.C. §1447, remanding this action to the Supreme Court, State of New York, County of Bronx for lack of this Court's subject matter jurisdiction under 28 U.S.C. § 1332(d)(6), and for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

On June 25, 2015, Plaintiff filed this putative class action against Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") in the Supreme Court of the State of New York, County of Bronx.  (Notice of Removal (Dkt. No.1), Exh. A. ("Cmplt" ¶ 1)[1] (hereinafter, "the Complaint").  Plaintiff alleges that Whole Foods routinely overstated the weights of its pre-packaged products – including meats, dairy, and baked goods – thereby overcharging its customers in New York for those pre-packaged products.  Additionally, Plaintiff alleges that Whole Foods charged its customers in New York tax on certain non-taxable items, thereby overcharging its customers in New York for those non-taxable items.  *Id*. ¶¶ 8, 15–17, 19.

The Complaint asserts claims on behalf of a class consisting of all persons who purchased the aforestated products from Whole Foods stores within the State of New York over the course of the past three years.  *Id*. ¶ 15.  Plaintiff Joseph Bassolino alleges that he has made numerous purchases of such goods at Whole Foods stores in the State of New York over the course of the past three years.  *Id*.  The Complaint alleges counts for (i) violations of New York General Business Law § 349 (deceptive acts or practices in the conduct of any business, trade, or commerce) (*Id*. ¶¶ 29–33), (ii) violations of New York General Business Law § 350 (false

---

[1]   *Joseph Bassolino v. Whole Foods Market Group Inc*., No. 23469/2015E (N.Y. Sup. Ct., Bronx County)

advertising in the conduct of any business, trade, or commerce) (*Id*. ¶¶ 29–33), (iii) violations of

New York Executive Law § 63(12) (repeated fraudulent business conduct) (*Id*. ¶¶ 34–37),

(iv) Unjust Enrichment (*Id*. ¶¶ 38–40), and (v) Breach of Contract (*Id*. ¶¶ 41–43).

On July 31, 2015, Whole Foods removed this action to this Court pursuant to 28 U.S.C. §

1453 (passim) under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §

1332(d).  Notice of Removal (Dkt. No. 1).  Plaintiff now moves the Court to remand this action

on the basis that Whole Foods has not and cannot demonstrate that the amount in controversy

satisfies CAFA's jurisdictional minimum of at least $5 million. *Id*. at § 1332(d)(6).  Plaintiff also

moves the Court for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

## ARGUMENT

Plaintiff respectfully submits that the Court lacks original jurisdiction over this action

pursuant to 28 U.S.C.A. § 1332(d)(2–6) because Whole Foods will not be able to show, based on

a preponderance of the evidence, a reasonable probability that the aggregate claims of the

Plaintiff class are in excess of $5 million, a nondiscretionary jurisdictional requirement under the

Class Action Fairness Act of 2005.  28 U.S.C.A. § 1332 *et seq*.  Plaintiff also submits that this

Court should grant Plaintiff his reasonable attorneys' fees pursuant to 28 U.S.C. § 1447(c)

because this Court's subject matter jurisdiction is patently lacking, rendering the removal

without an objectively reasonable basis.

**I.     WHOLE FOODS HAS NOT AND CANNOT DEMONSTRATE TO A
        REASONABLE PROBABILITY THAT THE AMOUNT IN CONTROVERSY
        EXCEEDS $5 MILLION PURSUANT TO 28 U.S.C. § 1332(d)(6).**

CAFA confers federal jurisdiction over class actions where (i) the proposed class

contains at least 100 members, (ii) minimal diversity exists between the parties, and (iii) the

aggregate amount in controversy exceeds $5,000,000.  28 U.S.C.A. § 1332(d)(2–6).  The Second

Circuit evaluates CAFA's jurisdictional facts, such as the amount in controversy, on the basis of

the pleadings, viewed at the time that the defendant files its notice of removal. *Vera v. Saks & Co.*, 335 F.3d 109, 116 n. 2 (2d Cir.2003) (per curiam).

To satisfy CAFA's amount-in-controversy requirement, a removing defendant "must show that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Smith v Manhattan Club Timeshare Ass'n, Inc*., 944 F Supp 2d 244, 250 (S.D.N.Y. 2013) (quoting *Blockbuster Inc. v. Galeno*, 472 F3d 53, 59). When the complaint does not allege a specific damages amount, and the plaintiff challenges the facts relating to the jurisdictional amount, the defendant must establish the requisite amount in controversy "with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.' " *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir.1994) (alteration in original) (internal quotation omitted). In determining whether the removing defendant has met this burden, courts "look first to the plaintiffs' complaint and then to [the defendant's] petition for removal." *Mehlenbacher v.. Akzo Nobel Salt, Inc*, 216 F.3d 291, 296 (2d Cir.2000) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir.1957)).

Here, Plaintiff has not alleged specific damages, and the jurisdictional facts in the Complaint cannot plausibly support a reasonable probability that the jurisdictional amount exceeds $5 million. Additionally, Whole Foods' notice of removal (Dkt. 1) asserts the wrong standard under CAFA for determining the amount-in-controversy requirement, and based thereupon, Whole Foods will be unable to establish this Court's subject matter jurisdiction under CAFA. For these reasons, Plaintiff's motion to remand this action should be granted.

**A.** **Plaintiff's Complaint Does Not Allege Specific Damages, and Facts Related to Damages In Plaintiff's Complaint Fail to Support Any Reasonable Basis to <u>Conclude That the Amount In Controversy Exceeds $5 Million.</u>**

Unlike the general diversity statute, which requires at least one claim to meet the amount-in-controversy minimum of $75,000, *see, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 2620, 162 L Ed 2d 502 (2005), CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000.  28 U.S.C. § 1332(d)(6).

Here, the jurisdictional facts relevant to the amount-in-controversy requirement as alleged in the Complaint are (i) that "Plaintiff and members of the Class have made numerous purchases of goods at Whole Foods throughout the State of New York within the previous three (3) years" (Cmplt. ¶¶ 4, 6, 15),  (ii) that "[i]n June of 2015, the New York City Department of Consumer Affairs ("DCA") investigated Whole Foods and such investigation revealed that Whole Foods systematically overcharged its customers for pre-packaged food by mislabeling the weight of the product" (*Id*. ¶ 16), (iii) that "[a]ccording to such investigation, the amount overcharged to customers ranged from $.80 to $14.84 per package sold" (*Id*. ¶ 18), and (iv) that Whole Foods added tax to non-taxable items" (*Id*. ¶ 19).  These facts fail to support a reasonable probability that the amount in controversy exceeds $5 million.

With respect to the number of potential class members, Plaintiff concedes that members of the proposed class are more than one hundred, and that is all.  At the time that Whole Foods noticed removal (*Vera v. Saks & Co.*, 335 F.3d 109, *supra* (jurisdictional requirements viewed when defendant files notice of removal)), there was (and continues to be) no reliable method by which to calculate the quantity of persons that purchased overpriced pre-packaged foods and/or who paid tax on non-taxable items from Whole Foods.  And thus, there is no way to determine to a reasonable probability that the amount in controversy exceeds $5 million.

4

In connection with the patent inability to determine the size of the proposed class at the time Whole Foods filed its notice of removal, there is likewise no basis to find a reasonable probability that the amount in controversy exceeds $5 million, and a blended average of the DCA's findings will not do.  The Complaint does not make any specific damages demand, and the aggregate value of the claims is not clear from the face of the Complaint.  The Complaint specifies the amount in controversy in general terms, indicating that the exact number of class members will be ascertained through discovery and further investigation. Cmplt. ¶¶ 6–7. Evident from the DCA's findings, the range of possible damages per item purchased is sweeping – starting at $.80 and extending to $14.84 – the difference is more than fourteen dollars.  Beyond speculation, it is impossible to determine the amount of each class member's claim as used to determine whether the aggregate amount in controversy exceeds $5,000,000.  And, while a district court may reasonably deduce that a matter in controversy exceeds $5 million, it must be able to "explain its calculation of the reasonably probable damages." *Blockbuster, Inc. v Galeno*, 472 F3d 53, 59 (2d Cir 2006); summary vacatur and remand, *Galeno v Blockbuster, Inc*., 171 Fed Appx 904 (2d Cir 2006), present, *inter alia*, Hon. Sonia Sotomayor.

The cases in which this Court and other district courts in the Second Circuit have deduced a reasonable probability that the amount-in-controversy requirement was met share common jurisdictional facts that are simply not present here, nor are they able to be presented. For example, in *Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P.*, 588 F Supp 2d 329, 332 (E.D.N.Y. 2008), unlike here, the potential class members were quantifiable.  The potential class members were made up solely of New York citizens who sought rent abatement for approximately 396 rental units plus monetary damages for personal injury and property

damage, including actual damages and medical monitoring due to their exposure to mold in approximately 396 rental units from the defendant landlord.  *Id*. at 335.

The *Ventimiglia* defendants were able to demonstrate that based upon the monthly rental range from $2700 to $3450 per month, that the average monthly rent abatement would be $3075, and that assuming the plaintiffs sought rent abatement of four months (date of notice to vacate through the date their apartments had to be emptied) for 211 units that were occupied by members of the putative class, at least $2.59 million was in controversy.  *Id*.  The Court found "with reasonable probability" that at least $2.59 million was in controversy based upon rent abatement alone.  *Id*.  The *Ventimiglia* defendants then asserted that it was "reasonably probable" that the plaintiffs' remaining claims, including those for medical monitoring, placed an additional $2.41 million in controversy.  *Id*.  The court, Justice Arthur Spatt, held that the defendant had established with reasonable probability that the amount in controversy exceeded $5 million, explaining its finding:

> [T]he defendants have established a reasonable probability that $5 million is in controversy based upon the plaintiffs' other claims, even absent the abatement demand. The defendants state that when the notice to vacate was initially circulated, there were more than one thousand residents of the [apartment complex]. Further, the plaintiffs' complaint seeks ongoing diagnostic, curative and preventative medical care because of their exposure to toxic mold … The value of such relief, when combined with the plaintiffs' additional claims for property damage; actual or potential personal injury; economic damage caused by defendants' alleged breach of the covenant of quiet enjoyment, breach of the warranty of habitability, and alleged deceptive acts in violation of New York G.B.L. § 349, easily places $5 million in controversy.

*Id*.  Critically, the court then cited jury awards and other materials that reliably demonstrated the values of those respective claims.

Polar opposite to *Ventimiglia*, the Complaint (i) does not enumerate the class size, (ii) restrictively alleges that members of the proposed class fit within the class definition by purchasing merely two  ("numerous" (Cmplt. ¶ 15)) of the food items subject to the Complaint,

and (iii) does not otherwise indicate the amount of damages per class member.  And, as previously explained, with respect to Plaintiff's allegation that Whole Foods mispriced and thereby overcharged class members for its prepackaged food items, the effective spread of alleged damages is just staggering – not at all similar to the narrow spread that the defendant in *Ventimiglia* reasonably averaged.  At the low end, $.80 per package, if the class were constituted with 100,000 members, the amount in controversy would be $160,000 (assuming a two-purchase minimum).  At the high end, the amount in controversy would be approximately $2.9 million (assuming a two-purchase minimum) – a far cry from the $5 million amount-in-controversy requirement, even assuming damages from the putative class's remaining claims.  However, *this is mere speculation*, and consequently, is insufficient to support a reasonable probability that damages exceed $5 million.

Clearly, the facts related to damages as alleged in the Complaint utterly fail to support a reasonable probability that the amount in controversy exceeds $5 million.  Accordingly, Whole Foods's removal of the instant action is wholly improper, and Plaintiff's motion to remand this action to the Supreme Court of the State of New York, County of Bronx, should be granted.

**B.      The Basis of Whole Foods's Removal Fails to Support a
        Reasonable Probability That the Aggregate Claims of the
        <u>Plaintiff Class Exceed $5 Million.</u>**

The law is settled that the removing party "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.2000).  "The removing defendant must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster*, *supra*, 472 F.3d at 58.

Although the Supreme Court, has recently ruled that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold[,]" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S Ct 547, 554, 190 L Ed 2d 495 (2014), here, Whole Foods's notice of removal fails to equip this Court with a particle of probative value for the Court to determine whether it is reasonably probable that the amount in controversy in this action exceeds $5 million. Whole Foods submits that "based on the sheer volume of Whole Foods' sales of pre-packaged products[,]" it satisfies CAFA's amount-in-controversy requirement.  Notice of Removal (Dkt. No. 1) ¶ 14.  No it does not, and this is not the CAFA standard for determining the amount-in-controversy requirement.  And, although courts may look outside the pleading and notice of removal where, together or alone, the complaint and the notice of removal "are inconclusive as to the amount in controversy," *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir.1994), Whole Foods' reliance upon another's pleading in an unrelated putative class action against Whole Foods in New York City, where the plaintiff class alleges that the aggregate claims of the proposed class exceed $5 million (Notice of Removal (Dkt. No. 1) ¶ 14, n. 1) is as illogical as it is misplaced.  Just as Whole Foods relies on that unrelated putative class complaint to establish that the jurisdiction minimum in the instant action is satisfied in order to remove this action to federal court, Whole Foods could also rely on the *instant* putative class complaint in order to remove the *former* case from federal court to state court.  This bate-and-switch tactic is so outlandish that it surely requires no further analysis.

The only jurisdictional allegation that remains in Whole Foods' notice of removal is its faulty assertion that the jurisdictional amount is demonstrated to a reasonable probability "based on the sheer volume of Whole Foods' sales of pre-packaged products." *Id*. ¶ 14.  But again, this is not the CAFA standard, and furthermore, the allegation sheds no light as a factor in this Court's determination as to whether the aggregate claims of the Plaintiff class exceed $5 million.

Even if the Court were to consider Whole Foods' contention as a factor in the Court's jurisdictional analysis, Whole Foods would need to connect its "sheer-volume" allegation to the identification of those pre-packaged products that the Plaintiff class alleges were overpriced and/or unlawfully taxed, thereby inculpating itself, which Whole Foods assuredly will not do, because at present, the Plaintiff class is unable to specifically identify and enumerate each of those products.  Plaintiff alleges, subject to full discovery, that such products include meats, dairy, and baked goods.  Cmplt. ¶ 8.  In order to fill the entire corpus of the alleged overpriced food items, in-depth discovery is plainly required.  And, as explained *supra*, in order to determine to a reasonable probability that the amount in controversy exceeds $5 million, Whole Foods bears the additional burden of establishing the potential class size, for without such an estimate, determining the jurisdictional amount is dubious.

Accordingly, not only is Whole Foods's notice of removal insufficient for this Court's analysis of the amount-in-controversy requirement, but Whole Foods will likewise be incapable of demonstrating the requirement on the basis of its "sheer volume of sales" contention. Therefore, Plaintiff's motion to remand this action should be granted.

## II.   WHOLE FOODS IS RESPONSIBLE FOR COSTS AND ATTORNEYS' FEES RELATED TO THIS MOTION PURSUANT TO 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1447(c) "[a]n order remanding the case may require  payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In the hallmark case *Martin v. Franklin Capital Corp.*, 546 US 132, 126 S Ct 704, 163 L Ed 2d 547 (2005), the Supreme Court resolved a three-way split that had existed in the Courts of Appeal under removal fee-shifting statute 28 U.S.C. § 1447(c) concerning the correct legal standard for a statutory award of attorneys' fees under the statute.  In holding that "the standard for awarding fees should turn on the reasonableness of the removal" the Supreme Court, Justice

Ginsburg, directed that the analysis "should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party[.]"  *Martin v. Franklin Capital Corp.*, 126 S Ct 704, 707.  Only when the removing party has an "objectively reasonable basis for removal" should the court deny the award of attorneys' fees.  *Id*. at 706.

The standard of review for an award of attorneys' fees is abuse of discretion, and that is the standard that the Second Circuit has applied to a review of an award of fees and costs under 28 U.S.C. § 1447(c).  *See Bryant v. Britt*, 420 F.3d 161, 163 (2d Cir. 2005).  A district court abuses or exceeds its discretion in awarding or denying attorneys fees only when (i) its decision rests on an error of law, such as the application of the wrong legal standard or a clearly erroneous factual finding, or (ii) its decision does not fall within the range of permissible decisions. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 225 (2d Cir. 2009); *see also Rowe v. Jagdamba, Inc.*, 302 F. App'x. 59, 63 (2d Cir. 2008).  Neither would be present here.

As demonstrated above, this Court patently lacks subject matter jurisdiction under CAFA because Whole Foods has failed to assert a basis that could plausibly establish a reasonable probability that the amount in controversy exceeds $5 million.  The notice of removal asserts that there is original jurisdiction under CAFA but there is not, because "sheer volume of sales" is not the CAFA standard for determining the amount-in-controversy requirement – it is the aggregate value of each class member's claims.  28 U.S.C. § 1332(d)(6).  Whole Foods' "sheer volume of sales" is irrelevant to a customer's measure of damages.  Passing off volume of sales as damages under CAFA is at the very least unreasonable and could even be viewed as misleading, which is egregious as compared to the objectively-reasonable-basis threshold for awarding attorneys fees under Section 1447(c).

If the 28 U.S.C. § 1447(c) attorney fee-shifting standards are not satisfied here, it is difficult to see what deterrent the removal fee-shifting statute would add to the other, now-existing fee-shifting rules or statutes (*e.g.*, Rule 11 or Rule 28 U.S.C. § 1927) that presumably have far more stringent requirements to protect the reputations of counsel and provide freedom to prosecute or defend. Section 1447(c) respectfully should not be interpreted so that it is merely duplicative of other fee-shifting statutes and therefore meaningless. Deterrence is an objective of the fee provision, and deterrence is best accomplished if parties who remove without an objectively reasonable basis, like Whole Foods, are required to pay fees. Plaintiff therefore requests an award of his reasonable attorneys' fees associated with Whole Foods' removal.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for an order remanding this action to the Supreme Court, State of New York, County of Bronx, for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), and for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          August 28, 2015

                              Respectfully submitted,


                              NAPOLI LAW PLLC


                              By: _____/s/  Marie Napoli_____
                                       Marie Napoli, Esq.

                              1301 Avenue of the Americas, 10th Fl.
                              New York, New York 10119
                              Tel: (212) 397-1000
                              mnapoli@napolilaw.com

                              -and-

                              IMBESI LAW P.C.


                              By: _____/s/ Brittany Weiner_____
                                       Brittany Weiner, Esq.

                              450 Seventh Avenue, 14th Fl.
                              New York, New York 10123
                              Tel: (212) 736-0007
                              brittany@lawicm.com

                              *Attorneys for class Plaintiff Joseph Bassolino*